MICHEL, Circuit Judge.
This is a veterans case. Megmer Moschkin appeals from the June 29, 1999 one-judge order of the United States Court of Appeals for Veterans Claims (“Veterans Court”) affirming the decision of the Board of Veterans’ Appeals (“BVA”) that Moschkin is not entitled to an effective date for his Posh-Traumatic Stress Disorder (“PTSD”) claim prior to his filing date of December 27, 1990, and dismissing Moschkin’s argument for secondary service connection for PTSD incident to his previously diagnosed service-connected and compensated shrapnel wound to his right knee for failure to raise such a claim below. We heard oral argument in this appeal on December 7, 2000. Because the Veterans Claims Assistance Act of 2000 (“Act”) was enacted subsequent to the Veterans Court’s decision in this case and applies to pending claims, we vacate the Veterans Court’s order in this case, and remand for further proceedings.
Discussion
A. Psychiatric Evaluations While in Vietnam
From 1964 to 1968, Moschkin served on active duty in Vietnam, where he saw combat and sustained a shrapnel injury to his knee. On August 17, 1965, Moschkin underwent a psychiatric examination at the Eighth Field Hospital in Vietnam, where the examining psychiatrist noted that Moschkin was “alert, well oriented, but not too cooperative,” and that his mood was one of “sullenness.” The psychiatrist concluded that Moschkin “is not insane; he possesses sufficient mental capacity to distinguish right from wrong and to adhere to the right; and is capable of cooperating with counsel.” The psychiatrist recommended “vigorous exertion of disciplinary action.”
On December 4, 1965, Moschkin obtained another psychiatric diagnosis, which stated that he had “continued a pattern of aggressive or action-oriented behavior against authority.” The reviewing psychiatrist found that Moschkin “is so far free from mental disease,” and that “[t]here is no physical or mental disability sufficient to warrant separation.”
A service medical record dated August 13, 1966 suggested that he should obtain a further psychiatric evaluation, noting that he “drinks quite heavily and has had prior psychiatric help.”
B. Claims Filed After Discharge, Prior to December 27,1990
After his discharge in 1968, Moschkin filed a claim on May 26, 1976 with the Veterans Administration (“VA”, subsequently renamed the Department of Veterans Affairs, or “DVA”), apparently at its Regional Office in Newark, New Jersey, for service connection for his knee injury. This claim made no mention of a psychiatric disorder. Moschkin was awarded a 10% disability rating for his right knee.
A VA medical record dated May 14, 1980, presumably from the VA Medical Center in Lyons, New Jersey, states that Moschkin came in for an evaluation for Agent Orange exposure. Moschkin also requested a psychiatric evaluation, stating that he “can not get along.”
Another entry on the same record, dated May 27, 1980, states that Moschkin “seeks psychiatric counseling for feelings of impending emotional [illegible — upheavals?].” The record continues, stating that he “feels depressed and lacks motivation to enjoy life,” and that he is “[h]aving recurring nightmares about Vietnam.” Moschkin apparently obtained several further psychiatric evaluations from the VA Medical Center in Lyons, New Jersey, and the VA Medical Center in Washington, DC, *818 through June 24, 1992. The record does not reflect whether the YA Medical Center in Lyons forwarded Moschkin’s psychiatric records to any regional office of the VA.
On November 14, 1980, Moschkin filed a written claim with the Regional Office in Washington, DC, requesting that he receive an increase in his disability rating for his knee injury. He also sought to add an additional claim for hearing loss. Moreover, Moschkin wrote in his claim, “[pjlease request my claim folder and my medical records from Newark RO & my medical records from Lyons Hosp. NJ and schedule me for an examination as soon as possible.” The VA increased his disability rating for his knee injury to 20%, and denied his claim for hearing loss. The VA made no adjudication of any claim for a psychiatric disorder, and gave no indication that it considered Moschkin to have raised a psychiatric issue or claim. The record is unclear as to whether the Washington Regional Office actually obtained Moschkin’s medical records from Newark and Lyons.
C. Claims Filed On or After December 27,1990
On December 27, 1990, Moschkin filed a Statement in Support of Claim with the Regional Office in Washington, DC, attempting to reopen his claim for hearing loss and also seeking treatment for recurring nightmares. Moschkin underwent a psychiatric examination on June 24, 1992, and was diagnosed as suffering from PTSD.
On January 22, 1993, the DVA issued a Disability Decision Summary, granting Moschkin a 100% disability rating for PTSD, effective December 18, 1991. On December 30, 1993, the DVA issued a corrected rating decision establishing December 27, 1990, the date of Moschkin’s claim at the Washington Regional Office, as the effective date of his PTSD claim. The decision, although acknowledging that Moschkin had sought psychiatric help pri- or to that date, stated that Moschkin was not entitled to an earlier effective date for his PTSD claim because “[ejntitlement to an earlier effective date prior to December 27, 1990, is not established since VA regulations provide that when an original claim for a disability is received more than one year post discharge the date of grant of compensation is the date of receipt of the claim for the disatíility.” (emphasis added). This decision was based on 38 U.S.C. § 5110(a), which provides: “Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” (emphasis added).
On January 28, 1994, Moschkin filed an appeal to the BVA, seeking to have his PTSD disability rating made retroactive to May 27, 1980, which he asserts is the date when the VA Medical Center in Lyons, New Jersey, first recognized his psychiatric difficulties. On July 3Í, 1997, the BVA issued a decision denying Moschkin’s request for an effective date for his PTSD claim prior to December 27, 1990. The Board noted that Moschkin’s November 14, 1980 claim referred only to his knee injury and his hearing loss condition, with no mention of psychiatric problems. In contrast, his 1990 claim specifically mentioned nightmares. ‘
On June 30, 1999, the Veterans Court affirmed the BVA’s ruling in a one-judge order. Citing 38 U.S.C. § 5110(a), the court reiterated that Moschkin’s earliest possible effective date for his PTSD claim *819 would be the date that he filed a claim with the Regional Office for psychiatric disorders. The court further noted that “[t]o the extent the appellant contends that VA failed to assist the appellant in filing such a claim, the Court is not aware of any authority that would permit any lack of assistance to substitute for the requisite filing of a PTSD claim. ” (emphasis added). The court also stated that “any duty to assist under 38 U.S.C. § 5107(a) as to a PTSD claim would not attach until such time as the appellant had filed a well-grounded PTSD claim.” The Veterans Court also noted that, on appeal, Moschkin had articulated a claim for secondary service connection for PTSD incident to his knee injury. The court concluded that it had no jurisdiction to consider Moschkin’s claim for secondary service connection for PTSD, as Moschkin had not either raised this argument below, nor filed with the RO a claim for PTSD as secondary to his knee injury.
D. Decision
This court has jurisdiction to review a decision of the Veterans Court “with respect to the validity of any statute or regulation ... or any interpretation thereof ... relied on by the Court in making the decision.” 38 U.S.C. § 7292(a). On November 9, 2000, the President signed into law the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096. Under the Act, the Secretary has a duty to “make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant’s claim for a benefit under a law administered by the Secretary.” Pub.L. No. 106-475, § 3. The Act applies to any claim “filed before the date of the enactment of this Act and not final as of that date.” Pub.L. No. 106-475, § 7. Because Moschkin’s claim was pending as of November 9, 2000, the new duty to assist articulated in the Act applies in this case. In contrast to the law before enactment of the Act, a “well grounded” claim is not a prerequisite to a veteran’s right to such assistance. In his November 14, 1980 claim, Moschkin specifically requested his medical records and an examination. On remand, Moschkin’s pre-1990 requests for assistance should be evaluated in light of the amended duty to assist. At a minimum, this requires that, as he requested, all his Lyons and Newark medical and claim records be obtained and reviewed.
For the reasons stated above, we vacate the decision of the Veterans Court and remand this case to the Veterans Court with instructions that it in turn remand the case to the appropriate authority in the agency for prompt adjudication of Moschkin’s request in light of the Veterans Claims Assistance Act of 2000.
Costs
Each party to bear its own costs.